UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JENNIFER VAN METRE, | * | CIVIL ACTION |
| Plaintiff, | * | NO. |
| v. | * | SECTION |
| IMPULSE MONITORING, INC. ET AL. | * | JUDGE |
| Defendants. | * | MAGISTRATE |

* * * * * * * * * * * *

**NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA,

Defendant IMPULSE MONITORING, INC., ("IMI"), pursuant to 28 U.S.C. §§ 1332 and 1446, with full reservation of any and all defenses, objections and exceptions, hereby removes this action, which had been pending as Case No. 2014-8990 in the Civil District Court for the Parish of Orleans, State of Louisiana (the "Action"), to the United States District Court for the Eastern District of Louisiana.  In support of this Notice, IMI states as follows:

1. <u>Petition</u>:

On September 12, 2014, Plaintiff Jennifer Van Metre filed the Action against IMI in the Civil District Court for the Parish of Orleans, State of Louisiana, Case No. 2013-2843, entitled "*Jennifer Van Metre v. Impulse Monitoring, Inc. et al.*"

Plaintiff asserts a claim against IMI for failure to provide adequate timely and safe nerve monitoring during a June 23, 2011, surgical procedure, among other claims. *See generally* Petition for Damages, Exhibit A.

2339243-1

2. <u>Basis for Jurisdiction in this Court:</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, diversity of citizenship, because: (1) the requisite diversity of citizenship exists between Plaintiff and the diverse defendants, IMI, Brett Bond, and Dr. John Doe; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. <u>Citizenship of Plaintiff:</u>

Plaintiff is, and was at the time the state court action was commenced, domiciled in the state of Louisiana, *see* Exhibit A, and is a citizen of Louisiana. 28 U.S.C. § 1332(c).

4. <u>Citizenship of Defendants:</u>

(a) IMI is and was, at the time the state court action was commenced, a Delaware corporation with its principal place of business in Maryland. IMI is thus a citizen of the states of Delaware and Maryland. 28 U.S.C. § 1332(c). IMI is not, and was not at the time this action was filed, a citizen of the state of Louisiana.

(b) The defendant named as "Dr. John Doe" is a fictitious defendant whose citizenship is disregarded for diversity jurisdiction. 28 U.S.C. § 1441(b).

(c) Brett Bond is and was, at the time the state court was commenced, domiciled in the state of Alabama, and is a citizen of Alabama. 28 U.S.C. § 1332(c).

5. <u>Amount in Controversy:</u>

It is clear from the face of the Petition that the amount in controversy, exclusive of interests and costs, exceeds $75,000. Plaintiff claims that as a result of surgery for which IMI provided monitoring she suffered paralysis of her vocal cord causing a loss of her voice, severe and permanent physical injuries, disabilities, scarring and disfigurement. Exhibit A, ¶ 9. Plaintiff further alleges that, as a result of IMI's alleged negligence, she has "incurred past

medical expenses" and that she will "incur future medical and other healthcare expenses." *Id.* Plaintiff seeks compensatory damages for "all past and future general and special damages" she "has sustained as a result of injuries and damages sustained." *Id.* at ¶ 10.

Finally, the Petition does not set forth that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by La. Code Civ. Proc. art. 893A(1).

Courts have routinely held that damages allegations of the type alleged in this case, including past and future medical expenses, are sufficient to facially demonstrate that the amount in controversy for federal jurisdiction is satisfied. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (concluding that plaintiff's personal injury petition alleged damages in excess of $75,000 when plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement for injuries sustained to plaintiff's wrist, knee and back); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, No. MDL 1203, Civ. A 99-20248, 2000 WL 1781966, at *1-2 (E.D. Pa. Nov. 7, 2000) (concluding that claims for unascertained damages could reasonably exceed $75,000).

Thus, it is readily apparent that Plaintiff's request for numerous items of alleged damages, including past and future medical expenses, paralysis of vocal cord leading to loss of her voice, disfigurement and scarring, places more than $75,000 in controversy. *See, e.g., Gebbia* 233 F.3d at 883.

6.  Consent:

IMI files this Notice of Removal and, thus, consents to its filing. As no defendants have been served, IMI may remove this action without consent of co-defendants.

7.     Removal is Timely:

A Notice of Removal is timely when filed "within thirty days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added).  IMI has not been served.  This removal is also filed within one year of commencement of this action on September 12, 2014.  28 U.S.C. § 1446(b).

The United States District Court for the Eastern District of Louisiana embraces the parish in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 98(c) and 1441(a).

8.     Pleadings and Process:

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition filed by Plaintiff on September 12, 2014, is attached hereto as Exhibit A.  (Citation has apparently not yet been issued, and no party has been served.)

Pursuant to 28 U.S.C. § 1446(d), IMI is filing written notice of this removal with the clerk of the state court in which the action is currently pending. Copies of the State Court Notice of Removal together with this Notice of Removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

10.    Filing Fee:

IMI files and presents herewith the appropriate filing fee as required by 28 U.S.C. §1446.

Respectfully submitted,

*/s/ Brent A. Talbot*
BRENT A. TALBOT (#19174), T.A.
PETER J. ROTOLO (#21848)
AMY L. MCINTIRE (#35241)
	-of-
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax:  (504) 544-6095
E-mail: talbot@chaffe.com
**ATTORNEYS FOR IMPULSE MONITORING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2014, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

*/s/ Brent A. Talbot*