CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

DOCKET NO. 2014-8990　　　　　　　　　DIVISION "__"
C/W NO. _____

JENNIFER VAN METRE

VERSUS

IMPULSE MONITORING, INC. ET. AL.

\* \* \* \* \* \* \* \* \* \* \* \* \*

FILED　　　　　　　　　　　　DEPUTY CLERK

### PETITION FOR DAMAGES

The petition of Jennifer Van Metre, a person of the full age of majority, residing in Ascension Parish, State of Louisiana, and appearing through undersigned counsel, does respectfully represent to the Court that:

1.

This matter arises out of a claim for medical Malpractice under the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41 et seq.

2.

Pursuant to the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41 et seq. a timely complaint was made to the Division of Administration, naming The Administrators of the Tulane Educational Fund d/b/a Tulane Medical School, Emad Kandil, MD, John Carter, MD and Dr. "Doe" as defendants.

3.

Made defendants herein are:

A. Impulse Monitoring, Inc., a corporation having as it's agent for service of process National Registered Agents, Inc. 5615 Corporate Blvd., Suite 40, Baton Rouge, Louisiana 70808

B. Impulse Monitoring, Inc.'s, technician and employee, Brett Bond



as well as Dr. John Doe, an unknown offsite doctor providing nerve monitoring through tele- monitoring

4.

Upon information The Administrators of the Tulane Educational Fund d/b/a Tulane Medical School, Emad Kandil, MD, John Carter, MD and Dr. "Doe" are covered by the Louisiana Medical Malpractice Act contained in La.R.S. 40:1299.41, et seq. which medical review panel has not met.

5.

Upon information received from the Division of Administration, Impulse Monitoring, Inc., technician Brett Bond as well as Dr. John Doe, an unknown doctor providing monitoring through telemonitoring are not covered by the Louisiana Medical Malpractice Act contained in La.R.S. 40:1299.41, et seq.

6.

Thyroid Surgery was performed on Jennifer Van Metre on June 30, 2011, case #230611-07-342, in Tulane Hospital by Dr. Emad Kandil, assisted by Dr. John Carter and Dr. "Doe". Impulse Monitoring, Inc.'s, technician, Brett Bond, as well as a Dr. John Doe, an unknown offsite doctor were to provided nerve monitoring through telemonitoring during the surgery, to prevent damage to her nerves.

7.

During the Surgery, Jennifer's Right Recurrent Laryngeal Nerve (RLN) was severed causing vocal cord paralysis and loss of use of her voice and additionally a 1 cm hole was punctured in her esophagus causing a pharyngeal tear.

8.

The basis of claimant's complaint against Dr. Kandil, Dr. Carter, Dr. (Doe), Impulse Monitoring, Inc., Impulse technician, Brett Bond as well as Dr. John Doe, an unknown doctor providing monitoring through telemonitoring includes, but is

not limited to, the following:

1. Negligent injury to the Recurrent Laryngeal Nerve (RLN) causing vocal cord paralysis and loss of use of her voice;

2. Negligent injury to the esophagus, causing a pharyngeal tear, a 1 cm hole, followed by severe infection and necessity of surgery to repair the injury to the esophagus, leaving a long external scar down her neck;

3. Negligent failure to monitor the RLN to prevent injury and failure to monitor the RLN for signs of nerve injury during the surgery;

4. Negligent failure to remove the complete thyroid, thus requiring Ms. Van Metre to require a radioactive iodine treatment to remove her thyroid after this failed surgical procedure;

5. Negligent failure to inform Ms. Van Metre of the experimental nature of the procedure used in this surgery;

6. Negligent failure to inform Ms. Van Metre that people with Graves disease whose thyroids were greatly enlarged and who had goiters were not good candidates for the experimental surgery using the Robotic Transaxillary thyroidectomy procedure;

7. Negligent failure to inform Ms. Van Metre that there was a possibility of a partial thyroidectomy with this procedure after which she would need radioactive iodine to remove the balance of the thyroid;

8. Negligent failure to inform Ms. Van Metre that using this procedure would require her to have radioactive iodine therapy to complete the removal of her thyroid;

9. Negligent failure to inform Ms. Van Metre that she was not a good candidate for this procedure;

10. Negligent failure to inform Ms. Van Metre that she was involved in an experimental clinical trial to determine the possible use of a Transaxillary Robotic Thyroidectomy on people who present for a thyroidectomy with conditions like hers;

11. Negligent failure to inform Ms. Van Metre that this experimental Transaxillary Robotic Thyroidectomy was contraindicated for the treatment of Graves Disease;

12. Failure to obtain informed consent to perform an experimental surgery on Ms. Van Metre;

13. Impulse Monitoring, Inc., through its physicians as well as Brent Bond CNIM technician for Impulse Monitoring failed to provide adequate timely and safe nerve monitoring information to the plaintiff and to Dr. Kandil during the surgical procedure performed by Dr. Kandil on June 23, 2011.

14. Negligent failure to monitor the RLN to prevent injury and failure to monitor

   the RLN for signs of nerve injury during the surgery;

15. Other unreasonable omissions or acts of negligence to be shown at the trial of this matter.

9.

Each of the above described negligent acts and omissions constitute breaches of the standards of care and breach of duty to do no harm required of these physicians, Impulse Monitoring, Inc and it's technician and doctor. Every one of the described negligent acts and omissions and breaches in the applicable standards of care and breach of duty caused injury. These acts caused Ms. Van Metre to develop acid reflux, paralyzed her vocal cord causing a loss of her voice, and have caused Ms. Van Metre severe and permanent physical injuries, disabilities, scarring and disfigurement. Additionally they have caused Ms. Van Metre to have incurred past medical expenses and will cause her to incur future medical and other healthcare expenses. Claimant seeks compensatory damages from all Defendants for all past and future general and special damages claimant has sustained as a result of injuries and damages sustained as a result of defendants' described negligence.

10.

Jennifer Van Metre requests that the defendants, Impulse Monitoring Inc., it's technician Brett Bond, and Dr. John Doe, it's off site doctor be duly served and cited to appear and answer this claim and after due proceedings are conducted, that judgment be rendered herein in favor of Jennifer Van Metre and against the said defendants for damages and other relief to the maximum amounts permitted by Law.

**WHEREFORE PLAINTIFF PRAYS** that the defendants be cited and served with the foregoing petition for damages and, after due proceedings are had, that judgment be rendered in favor of the plaintiff, Jennifer Van Metre and against Impulse Monitoring Inc, Brett Bond and Dr. John Doe, jointly severally and in

solido, for such damages and such other relief as this Honorable Court may deem appropriate in the premises, together with legal interest and all costs of these proceedings.

By Attorneys:

*[signature]*

Aub A. Ward #13228
Naquin & Ward
8034 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: 225-927-1907
Facsimile: 225-927-1399

*[signature]*

David H. Cliburn #21,529
Attorney at Law
2008-B Burnside Ave. S
Gonzales, Louisiana 70737
Telephone: 225-647-4118
Facsimile: 225-647-4128

PLEASE SERVE:

**Impulse Monitoring, Inc.**

Through it's agent for service of process:

National Registered Agents, Inc.
5615 Corporate Blvd., Suite 40
Baton Rouge, Louisiana 70808

and

Impulse Monitoring, Inc.'s, technician **Brett Bond**
as well as **Dr. John Doe**, an unknown offsite doctor providing nerve monitoring through tele- monitoring

**Please serve both Brett Bond and Dr. John Doe**

Through Impulse Monitoring's agent for service of process:



National Registered Agents, Inc.
5615 Corporate Blvd., Suite 40
Baton Rouge, Louisiana 70808